IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HILLMAR PATTERSON, JR., | : | |
| Plaintiff, | : | CIVIL ACTION NO. 7:08-CV-3 (HL) |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 BEFORE THE U.S. MAGISTRATE JUDGE |
| VIRGINIA WILLIAMS; Captain JOHN RICHARDS; Dr. BROWN, | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **HILLMAR PATTERSON**, a pretrial detainee at the Thomas County Jail at Thomasville, Georgia, has filed another *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff alleges that Virginia Williams intentionally interferes with the grievance process. He states that inmates are denied grievance forms and when they do manage to file a grievance, Ms. Williams fails to respond.

However, the Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievance procedures. ***See Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison officials' failure to provide, process, or respond to such a grievance is not actionable under 28 U.S.C. § 1983.

Accordingly, the undersigned **RECOMMENDS** that plaintiff's claim regarding Ms. Williams' failure to respond or process his grievance be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

Plaintiff claims it constitutes a due process violation when he is charged a medical co-payment. However, plaintiff's allegation relating to the co-payment does not state a claim for relief. There is no constitutional right to free health care. ***See City of Revere v. Massachusetts Gen. Hosp.***, 463 U.S. 239, 245 n.7 (1983) ("Nothing we say here affects any right a hospital or government entity may have to recover from a detainee the cost of medical services provided to him."). The

imposition of a fee for medical services upon a prisoner, without any showing that the prisoner was denied care because of an inability to pay the fee, does not violate the Constitution.

Accordingly, the undersigned **RECOMMENDS** that plaintiff's claim regarding the co-payment for medical services be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

**SO RECOMMENDED**, this 18th day of March, 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb